## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

DR. GEOFFREY R. AKERS,          )
                                          )
                  Plaintiff,     )     No. 1:07cv00266 (RJL)
                                            )
        v.                        )
                                            )
CARLOS GUTIERREZ, Secretary of Commerce,  )
and JON DUDAS, Director OCR/United     )
States Patent and Trademark Office,        )
                                            )
                Defendants.    )

_____)

## DEFENDANTS' MOTION TO DISMISS CARLOS GUTIERREZ AS A DEFENDANT IN THIS ACTION AND MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

Defendants Carlos Gutierrez and  Jon W. Dudas,[1] Director United States Patent and

Trademark Office, through undersigned counsel, respectfully move pursuant to Fed. R. Civ. P.

12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a) to dismiss Carlos Gutierrez as a defendant in this

action, and to either dismiss this action for improper venue or to transfer it to the Eastern District

of Virginia.  In support of this motion, Defendants respectfully refer the Court to the

accompanying memorandum.

Dated: April 27, 2007        Respectfully submitted,

                                        /s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                      /s/

RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

[1]Although the complaint names Patricia Boylan as the Director of the United States Patent and Trademark Office, Jon W. Dudas is the current Director of that agency.  See Fed. R. Civ. P. 25(d)(1).

_____/s/_____
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Kyu Lee
Associate Counsel, Office of General Counsel
United States Patent and Trademark Office

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

DR. GEOFFREY R. AKERS,                  )
                                        )
                Plaintiff,              )          No. 1:07cv00266 (RJL)
                                        )
        v.                              )
                                        )
CARLOS GUTIERREZ, Secretary of Commerce,)
and JON DUDAS, Director OCR/United      )
States Patent and Trademark Office,     )
                                        )
                Defendants.             )
_____)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CARLOS GUTIERREZ AS A DEFENDANT IN THIS ACTION AND MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

Defendants Carlos Gutierrez, Secretary of the United States Department of Commerce, and Jon W. Dudas,[1] Director United States Patent and Trademark Office ("USPTO"), in their official capacities and through undersigned counsel, respectfully move to dismiss Carlos Gutierrez as a defendant, on the grounds that the Director of the USPTO is the only proper defendant in an employment discrimination action against the USPTO. Defendants further move to dismiss this case for improper venue, because all relevant factors point to the Eastern District of Virginia as the proper forum for plaintiff's claims. In the alternative, Defendants move that the Court transfer this case to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404.

### BACKGROUND

Plaintiff is a former USPTO employee, who held the position of Primary Patent

_____

[1]Although the complaint names Patricia Boylan as the Director of the United States Patent and Trademark Office, Jon W. Dudas is the current Director of that agency. See Fed. R. Civ. P. 25(d)(1).

Examiner in 2004.  See Compl. at 2.  Plaintiff alleges that in June 2004, he applied for the position of Supervisory Patent Examiner, but was not selected for that position.  See id. Instead, an Asian female younger than plaintiff was selected.  See id.  Plaintiff attributes the USPTO's selection of an Asian female for the Supervisory Patent Examiner position to age and sex discrimination.  See id. at 2, 23, 26.

Plaintiff filed an Equal Employment Office ("EEO") administrative complaint in August, 2004, alleging that the non-selection was discriminatory.  See id. at 2.  EEOC issued a final decision in that case on December 8, 2006.  See id. at 7.  Plaintiff contends that he was assigned "conflict of interest" cases during a period of time that began shortly after he filed the EEO complaint, and that the workplace became a "hostile environment."  See id. at 2.  Plaintiff alleges that the "conflict of interest" cases and hostile environment constituted reprisal for his pursuit of an EEO claim.  See id. at 2-5.

Plaintiff initiated this action on February 5, 2007.  Plaintiff's complaint alleges age discrimination, sex discrimination, and retaliation.  See id. at 1, 23, 26.  It is unclear whether plaintiff also raises a race discrimination claim.  Compare id. at 1 ("This complaint is filed . . . for age discrimination (2) and retaliation(1)") and id. at 23 (alleging "age discrimination and sex discrimination") with id. at 7 ("Agency has already admitted that the Claimant has a prima facie case for age discrimination (which is augmented herein to include racial discrimination for being white).").

**ARGUMENT**

## I.   THE DIRECTOR OF THE USPTO SHOULD BE THE SOLE DEFENDANT IN THIS ACTION.

The proper defendant in a Title VII or ADEA employment discrimination case against a

federal government employer is the "head" of the "agency" involved. 42 U.S.C. § 2000e-16(c) (requiring Title VII suits to be brought against agency head); see Rattner v. Bennett, 701 F. Supp. 7 (D.D.C. 1988) (holding ADEA suits must be brought against agency head). Here, plaintiff claims that the USPTO discriminated against him on the basis of his age and sex, and retaliated against him in violation of Title VII. See Compl. at 1. The USPTO is an "agency" of the United States that exercises "independent control of its . . . personnel decisions and processes." 35 U.S.C. § 1(a). Accordingly, the Director of the USPTO, Mr. Dudas, is the only proper defendant in this action, not the Secretary of Commerce. See Varma v. Gutierrez, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (concluding Secretary of Commerce was not proper defendant in discrimination action against USPTO). Defendant Gutierrez should therefore be dismissed as a party to this suit.

## II.    THIS CASE SHOULD BE DISMISSED FOR IMPROPER VENUE.

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because this Court is not the proper venue for plaintiff's suit. When reviewing a Rule 12(b)(3) motion, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dept. of Energy, 231 F.Supp.2d 274, 276 (D.D.C. 2002); see also Quarles v. General Investment & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003). Nonetheless, plaintiff bears the burden of establishing that he has initiated the action in the appropriate forum. See Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" plaintiff's assertion of venue. 2215 Fifth St. Assocs. v. U-Haul Int'l, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).

Plaintiff's complaint fails to plead that venue is proper in the District of Columbia, or to explain why plaintiff chose this forum. Instead, Plaintiff devotes the majority of the complaint to a lengthy account of plaintiff's alleged nonselection for a Supervisory Patent Examiner position, and plaintiff's theories concerning why that nonselection constitutes age and sex discrimination. Although plaintiff's complaint may be held to "less stringent standards" because he is pro se, the most liberal reading of the complaint could not change the fact that the allegations of discrimination have no connection to the District of Columbia. Instead, Virginia is the locus of all the relevant actions. Accordingly, this court should dismiss plaintiff's complaint for improper venue.

**A.    The District of Columbia Is Not the Proper Venue for Plaintiff's Title VII Claims.**

Title VII contains specific venue provisions that limit the forums in which Title VII claims may be brought. Venue is proper only in the following four places:

> in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such action are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4]** if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering added). The fourth venue criterion applies only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination." Darby v. U.S. Dept. of Energy, 231 F. Supp. 2d 274, 278 (D.D.C. 2002). All four venue criteria indicate that venue is proper in a federal district court in the Eastern District of Virginia, not the District of Columbia.

First, the allegedly discriminatory acts occurred in Virginia. Plaintiff does not allege

that he ever worked in Washington, D.C.  To the contrary, like all other Patent Examiners, plaintiff worked at USPTO's headquarters in Virginia.  See Baum Decl. ¶¶ 2-3.  Further, the personnel office at which USPTO makes all hiring, removal, and other personnel decisions has been located in Virginia at all times relevant to this suit.  See id. ¶ 4.  Thus the events giving rise to plaintiff's complaint — namely the nonselection and alleged retaliation — all took place in the Eastern District of Virginia.

Second, none of the relevant employment records are in the District of Columbia.  USPTO maintains plaintiff's employment records in Alexandria, Virginia, which is in the Eastern District of Virginia.  See id. ¶ 5.  The records concerning plaintiff's EEO challenge also are maintained in Alexandria, Virginia.  See id. ¶ 6.  To the extent the records of former USPTO employees that no longer work for the federal government may be at issue in this case, those records are maintained in St. Louis, Missouri.  See id. ¶ 5.

The third factor also indicates that the Eastern District of Virginia is the proper forum for this action.  Plaintiff alleges that he applied for the position of Supervisory Patent Examiner at Technology Center 3600.  See Compl. at 2.  That position would have required plaintiff to work at USPTO's headquarters, which were located in Virginia at all relevant times.  See Baum Decl. ¶¶ 4-5.

The fourth venue option does not apply here because Defendant USPTO is located in the same district in which the employment records are maintained.  Even if it did, that too would indicate that venue is proper in the Eastern District of Virginia. See id. ¶ 7 (explaining USPTO's principal place of business is located in Virginia); 35 U.S.C. § 1(b) (defining USPTO's "residence" as the location of its principal place of business).  In sum, plaintiff cannot establish that any relevant event occurred in the District of Columbia, that any relevant records

are maintained in the District of Columbia, or that plaintiff would have worked in the District of Columbia but for the alleged discrimination.

### B. The District of Columbia Is Not the Proper Venue for Plaintiff's ADEA Claims.

Title VII's venue provisions also govern plaintiff's ADEA claims. Because the ADEA does not contain a specific venue provision, the general venue provisions of 28 U.S.C. § 1391(e) ordinarily would govern the venue determination for ADEA actions. See 28 U.S.C. § 1391(a)(b), and (e) (each applying "except as otherwise provided by law"). However, "the authority in this Circuit indicates that when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000d-5(f)(3) controls." Munoz v. England, No. 05-2472, 2006 WL 3361509 (D.D.C. Nov. 20, 2006) (attached hereto as Exh. 2); see also Donnell v. National Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983).

Venue in the District of Columbia would be improper even if Section 1391 did govern the venue determination. Section 1391 establishes three possible locations for claims against federal government officials or agencies: (1) where a defendant "resides;" (2) the district where "a substantial part of the events or omissions giving rise to the claim occurred;" or (3) where "the plaintiff resides, if no real property is involved in the action." 28 U.S.C. § 1391(e). Here, the only proper defendant — USPTO — "resides" in Virginia. See 35 U.S.C. § 1(b) (providing that USPTO "shall be deemed, for purposes of venue in civil actions, to be a resident of the district in which its principal office is located"). All relevant USPTO personnel decisions, plaintiff's prior employment, and the position that Plaintiff sought all were at USPTO's headquarters in Virginia. See Baum Decl. ¶¶ 3-4. Plaintiff resides in Connecticut. See Compl.

-6-

at 1 (listing Connecticut in the caption as the state in which plaintiff resides).  Thus Section 1391 provides no basis for finding venue proper in the District of Columbia.

### III.    IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA.

28 U.S.C. § 1406(a) permits courts to transfer a case to a district in which venue is proper, if the court deems that it would be in the "substantial interest of justice" to transfer the case instead of dismissing it.  28 U.S.C. § 1406(a); see Varma, 421 F. Supp. 2d at 115.  As discussed above, the events of any operative significance all occurred in either Arlington or Alexandria, Virginia, and the witnesses and relevant documents also are located in that jurisdiction. Accordingly, if the Court does not dismiss plaintiff's complaint, it should transfer the case to the Eastern District of Virginia, where plaintiff should have brought his claims in the first place.

**CONCLUSION**

Plaintiff's claims have no connection to the District of Columbia, and venue is not

proper in this Court.  Accordingly, this Court should dismiss the complaint for improper venue

or, in the alternative, should transfer the case to the Eastern District of Virginia.

Dated: April 27, 2007                    Respectfully submitted,

                             _____/s/_____
                             JEFFREY A. TAYLOR, D.C. BAR # 498610
                             United States Attorney

                             _____/s/_____
                             RUDOLPH CONTRERAS, D.C. BAR #434122
                             Assistant United States Attorney

                             _____/s/_____
                             ROBIN M. MERIWEATHER, D.C. Bar # 490114
                             Assistant United States Attorney
                             555 Fourth St., N.W.
                             Washington, D.C.  20530
                             Phone: (202) 514-7198
                             Fax: (202) 514-8780
                             Robin.Meriweather2@usdoj.gov

**Of Counsel:**

Kyu Lee
Associate Counsel, Office of General Counsel
United States Patent and Trademark Office

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of April, 2007, I caused the foregoing Motion to

Dismiss to be filed *via* the Court's ECF system, and to be served upon *pro se* plaintiff by first

class mail, postage prepaid, addressed to:

Geoffrey R. Akers
25 Lincoln Avenue
Norwich, CT 06360

_____ /s/ Robin M. Meriweather
Robin M. Meriweather, DC Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Geoffrey R. Akers,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No.: 07-0266 (RJL) |
| | ) | |
| **Carlos M. Gutierrez, Secretary,** | ) | |
| **United States Department of Commerce** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | Date: April 27, 2007 |

### DECLARATION OF KENT BAUM

I, Kent E. Baum, make the following declaration.  This declaration is based on my personal knowledge and I am competent to testify to the matters stated herein.

1.      I hold the position of Director Human Capital Management, United States Patent and Trademark Office ("USPTO"), and have been employed at the USPTO since July 17, 2006.  As part of my duties, I am responsible for management of the USPTO's human resources needs.

2.      Throughout my tenure at the USPTO, its principal office has been located in Alexandria, Virginia.  The USPTO occupies approximately 2 million square feet of office space in Alexandria, Virginia, spread out over approximately six buildings.  Throughout my tenure at the USPTO, all of the USPTO's patent examiner positions have been located at the principal office in Alexandria, Virginia.  Throughout my tenure at the USPTO, Technology Center 3600 and all of the patent examining Art Unit groups that comprise the Technology Center (including Art Units 3624 and 3625) have been located in the principal office in

Alexandria, Virginia.

        3.     Given my position as Director Human Capital Management, I am aware of facts concerning the USPTO's location and employment practices dating from before 2004 until I became a USPTO employee in July, 2006. Before its relocation to Alexandria, Virginia, the USPTO's principal office (including the location for all of its patent examiner positions) was in Arlington, Virginia. The USPTO began moving its offices from Arlington, Virginia to Alexandria, Virginia beginning in 2003.

        4.     Likewise, throughout my tenure at the USPTO, the personnel office, where the USPTO makes hiring, removal, and other personnel decisions, has been located at the principal office in Alexandria, Virginia. The USPTO's personnel office was previously located at the USPTO's principal office in Arlington, Virginia.

        5.     The USPTO maintains and administers the employee personnel records, including plaintiff's records, at its principal office in Alexandria, Virginia. When an employee leaves the USPTO and does not go to another government agency, the USPTO forwards the employee's personnel records to the National Personnel Records Center in St. Louis, Missouri.

        6.     The USPTO maintains and administers Office of General Counsel's employment litigation records at its principal office in Alexandria, Virginia.

        7.     The office occupied by the Director of the USPTO is physically located in the James Madison Building in Alexandria, Virginia, and constitutes his principal place of business from where he manages the USPTO (including supervision of personnel operation) and

carries out his other official duties.

I declare under penalty of perjury that the foregoing is true and correct.  Executed

on April 27, 2007

Kent E. Baum
Director Human Capital Management

Slip Copy                                                                 Page 1
Slip Copy, 2006 WL 3361509 (D.D.C.)
(Cite as: Slip Copy)

Munoz v. England
D.D.C.,2006.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
Ysauro R. MUNOZ, Plaintiff,
v.
Gordon R. ENGLAND, Secretary of the Navy, Defendant.
Civil Action No. 05-2472 (CKK).

Nov. 20, 2006.

Steven M. Spiegel, Alexandria, VA, for Plaintiff.
Jane M. Lyons, United States Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION

COLLEEN KOLLAR-KOTELLY, District Judge.

*1 Plaintiff Ysauro R. Munoz is a career Navy Civilian employee who entered into a settlement agreement with the Navy on February 28, 2002 regarding complaints Plaintiff filed against the Navy for employment discrimination based on race and age discrimination, harassment and retaliation. Plaintiff alleges that Defendant Gordon R. England, in his official capacity as Secretary of the Navy ("Defendant" or "the Navy"), breached this settlement agreement by refusing to provide Plaintiff with the career enhancement training Plaintiff sought, and that this denial of training constituted retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et. seq. Currently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the Alternative, to Transfer. Plaintiff has filed an Opposition to Defendant's Motion, to which Defendant has replied. Upon consideration of the parties' briefings, the relevant case law, and the entire record herein, the Court shall grant Defendant's motion to transfer venue. In light of the transfer of venue, the Court will not address the substance of Defendant's motion to dismiss but will deny that motion without prejudice so that Defendant may refile it, if appropriate, upon transfer to the District of Hawaii.

### I: BACKGROUND

Plaintiff is a career Navy Civilian employee of Hispanic descent who is over forty years old. Am. Compl. ¶ 2. Plaintiff has been stationed overseas at the Naval Ship Repair Facility in Yokosuka, Japan since February 1, 1987 and, as an Engineering Technician, GS-12, provides technical, repair and modernization services to ships and weapons systems at the Ship Repair Facility. Id. ¶ 8. On August 21, 2001, Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint alleging age and race discrimination because he was not allowed to take weapon systems training and some of his responsibilities were given to other employees. Id. ¶ 12. Plaintiff filed a second formal EEO complaint on November 26, 2001 for continued retaliation and harassment. Id. ¶ 13.

On February 28, 2002, Plaintiff and the Navy entered into a settlement agreement ("Settlement Agreement"), which provided that Plaintiff would withdraw his EEO complaints in exchange for the Navy providing Plaintiff with career-enhancing training within twelve months of the date of the Settlement Agreement and also providing Plaintiff with a "Letter of Regret." Id. ¶ 14, Def.'s Mot. to Dismiss Ex. 2 (2/28/02 Settlement Agreement). The Settlement Agreement includes a procedure for dispute resolution, which calls for Plaintiff to complain in writing within thirty (30) days of any alleged violation of the Settlement Agreement. Def.'s Mot. to Dismiss at 3; Ex. 2 (2/28/02 Settlement Agreement) at 2-3. If the Navy fails to respond or if Plaintiff is not satisfied with the Navy's response, Plaintiff may appeal to the EEOC's Office of Federal Operations within thirty (30) days of receiving the Navy's response. Id.

*2 By letter dated April 12, 2002, Plaintiff notified the Navy that he believed the Navy's refusal to provide him with requested Vertical Launch System (VLS) training constituted a breach of the Settlement Agreement. Am. Compl. ¶ 15. On June 4, 2002 Plaintiff attended a two-day training conference on the MK13 Missile Launcher. Id. ¶ 16. Plaintiff alleges that at the time of the training, the MK13 sys-

tem was slated for removal from all Navy ships, and that the training Plaintiff attended was the last training given on the system. *Id.* On June 13, 2002, the Navy determined that it had not breached the Settlement Agreement because the one year time period had not yet elapsed, and because the Settlement Agreement did not specify any particular career-enhancing training. *Id.* ¶ 17. Plaintiff filed a timely appeal of this determination with the EEOC on July 17, 2002, *id.* ¶ 18, and on December 11, 2002, Plaintiff initiated EEO counseling for the alleged breach of the Settlement Agreement "including failures to provide requested career enhancing training, continued retaliation and removal of job responsibilities," *id.* ¶ 19. On February 23, 2003, Plaintiff filed a second formal complaint, alleging that the Navy's denial of Plaintiff's subsequent requests for training, in particular VLS training, constituted a breach of the Settlement Agreement. *Id.* ¶ 20.

On August 7, 2003, the EEOC vacated the Navy's June 13, 2002 decision and remanded the case, ordering the Navy to conduct an investigation into compliance with the Settlement Agreement and issue a new decision within 30 days. *Id.* ¶ 21. On September 4, 2003, the Navy determined that it had complied with the Settlement Agreement because the Settlement Agreement did not identify specific training classes and because the MK13 training classes that Plaintiff attended were considered career-enhancing because they were directly related to Plaintiff's duties as an Engineering Technician, GS-12. *Id.* ¶¶ 22-23. Plaintiff appealed this determination to the EEOC on October 8, 2003. *Id.* ¶ 24. The Navy subsequently agreed to investigate Plaintiff's second settlement breach complaint and provided Plaintiff with a report of the second investigation on March 29, 2004. *Id.* ¶¶ 25-26. On August 19, 2004, Plaintiff filed an appeal with the EEOC's Office of Federal Operations. *Id.* ¶ 28. On September 21, 2005, the EEOC issued a final decision denying relief to Plaintiff on both of his complaints that the Navy breached the Settlement Agreement. *Id.* ¶ 30. Plaintiff received this decision on September 26, 2005, *id.,* and timely filed his initial one-count Complaint before this Court on December 27, 2005, alleging that the Navy breached the Settlement Agreement and that this breach viol-

ated both Title VII and the ADEA. Compl. The Navy moved to dismiss Plaintiff's Complaint on March 20, 2006. In response to the Navy's motion to dismiss, Plaintiff filed an Amended Complaint on March 31, 2006, which broke Plaintiff's claims into two counts-Plaintiff's first Cause of Action alleges that the Navy breached the Settlement Agreement, his second Cause of Action alleges that the Navy retaliated against Plaintiff by denying him the training he requested in reprisal for filing his EEO complaints, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* Am. Compl. ¶¶ 31-33, and the ADEA, 29 U.S.C. § 633, *et seq., id.* ¶¶ 34-37.

**\*3** The Navy filed a Motion to Dismiss Amended Complaint or, in the Alternative, to Transfer on April 17, 2006, seeking to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3) and 12(b)(6) or, in the alternative, to transfer this case to the United States District Court for the District of Hawaii. Specifically, the Navy argues that Plaintiff's breach of contract claim is a contract claim against the United States seeking damages in excess of $10,000 and that, as a result, exclusive jurisdiction over the claim lies in the Court of Federal Claims pursuant to the Tucker Act, Def.'s Mot. to Dismiss at 6-9. The Navy also argues that Plaintiff's retaliation claim should be dismissed for failure to exhaust his administrative remedies, *id.* at 10-14, and that, even if Plaintiff's retaliation claim is valid, it should be dismissed because venue is improper in the District of Columbia, *id.* at 15-19. As an alternative, the Navy argues that this Court should transfer this case to the United States District Court for the District of Hawaii pursuant to either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). *Id.* 19-25. Plaintiff filed an Opposition to the Navy's motion on May 1, 2006, in which he opposed each of the Navy's arguments. On May 18, 2006, the Navy filed a Reply in further support of their motion.

## II: LEGAL STANDARDS

Defendant argues that venue in this case is improper in the District of Columbia, and that this Court should dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3). When a case is filed in the wrong federal judicial district, the district court in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3361509 (D.D.C.)
**(Cite as: Slip Copy)**

which the action is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In considering a motion to dismiss for lack of venue, "unless contradicted by an evidentiary showing, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Jyachosky v. Winter, No. Civ. A. 04-01733, 2006 WL 1805607, * 1 (D.D.C. Jun. 29, 2006)* (citations and internal quotations omitted).

Defendant alternatively argues that this Court should exercise its discretion to transfer this case to the District of Hawaii pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court is afforded broad discretion to decide whether transfer from one jurisdiction to another is proper under 28 U.S.C. § 1404(a). *SEC v. Savoy Indus. Inc.,* 587 F.2d 1149, 1154 (D.C.Cir.1978) (quoting *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)). The decision to transfer is made by an "individualized, case-by-case consideration of convenience and fairness .... " *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964).

**\*4** The Court must therefore initially determine whether venue in the District of Columbia is proper for Plaintiff's claims, before turning to the threshold question under 28 U.S.C. § 1404(a) of whether this action "might have been brought" in the District of Hawaii. *Id.* at 616. Title VII contains a specific venue provision, which provides that Title VII actions may only be brought:

[I]n any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial dis-

trict in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); *see also Hayes v. RCA Serv. Co.,* 546 F.Supp. 661, 663 (D.D.C 1982).

In contrast, the ADEA does not contain a specific venue provision, rather in an action brought against an officer or employee of the United States, venue is covered by 28 U.S.C. § 1391(e), which provides:
A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).[FN1]

> [FN1] Plaintiff's breach of contract would also be governed by the general venue provision found in 28 U.S.C. § 1391(e). However, as discussed below this Court shall leave the decision as to whether to accept jurisdiction over Plaintiff's breach of contract claim to the discretion of the United States District Court for the District of Hawaii following the transfer of this case to that court.

Even if venue is proper in the District of Hawaii, the Court may transfer a case only if the balance of private and public interests weighs in favor of transfer. *Greater Yellowstone Coalition v. Bosworth,* 180 F.Supp.2d 124, 127 (D.D.C.2001). Private interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof. *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995) (citing James W. Moore & Brett A. Ringle, *Federal Practice* ¶ 0.345[5] (2d

Slip Copy
Slip Copy, 2006 WL 3361509 (D.D.C.)
**(Cite as: Slip Copy)**

Ed.1995); 15 Charles A. Wright et al., *Federal Practice and Procedure §§ 3848-53 (2d ed.1986)); Trout Unlimited v. U.S. Dep't of Agric., 944 F.Supp. 13, 16 (D.D.C.1996)*. However, the deference normally given to a plaintiff's choice of forum is "lessened when the plaintiff's forum choice 'lacks meaningful ties to the controversy and [has] no particular interest in the parties or subject matter.' " *S. Utah Wilderness Alliance v. Norton, 315 F.Supp.2d 82, 86 (D.D.C.2004)* (citing *Islamic Republic of Iran v. Boeing Co., 477 F.Supp. 142, 144 (D.D.C.1979)*). The public interest factors include: (1) the degree to which the courts in both venues are familiar with the governing laws; (2) the relative congestions of the calendars of the transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *See Jumara, 55 F.3d at 879-80* (citing Moore & Ringle, *supra,* ¶ 0.345[5]; Wright et al ., *supra,* §§ 3854; *Trout Unlimited, 944 F.Supp. at 16*.

### III: DISCUSSION

**\*5** Defendant argues that venue for Plaintiff's retaliation claim is improper in the District of Columbia under either Title VII or the ADEA. Def.'s Mot. to Dismiss at 15-19. In contrast, Plaintiff maintains that venue is proper in the District of Columbia under both claims. Pl.'s Opp'n at 10-11. The Court finds that venue is improper in the District of Columbia for Plaintiff's Title VII claim, but may be proper for Plaintiff's claim under the ADEA. Nevertheless, as venue over Plaintiff's Title VII claim does not lie in the District of Columbia, guided by the principle of pendent venue and in the interest of justice, the Court shall transfer Plaintiff's entire Amended Complaint to the District of Hawaii so that his claims may be heard together in a single action.FN2

> FN2. Defendant moved to dismiss Plaintiff's breach of contract claim pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction over that claim because under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over contract claims against the United States for more than $10,000. Def.'s Mot. to Dismiss at 6-9. Defendant relies on recent D.C. Circuit juris-

prudence indicating that district courts lack jurisdiction over claims for damages arising out of Title VII settlement agreements where the claims do not involve interpretation of Title VII. *Id.* at 7 (citing *Hansson v. Norton, 411 F.3d 231, 232-33, 235 (D.C.Cir.2005); Brown v. United States, 389 F.3d 1296, 1297 (D.C.Cir.2004)*). Indeed, quite recently in *Rochon v. Gonazles,* a case in which the plaintiff alleged both violations of Title VII and breach of a Title VII settlement agreement and sought both monetary damages and equitable relief, the D.C. Circuit stated that, "the combination of a claim for equitable relief brought under Title VII and a related claim for breach of contract does not give the district court jurisdiction over the contract claim that, if brought separately, would be exclusively in the Court of Federal Claims ....." *438 F.3d 1211, 1214 (D.C.Cir.2006)*.

However, in *Rochon,* the D.C. Circuit went on to note that it was "not immediately clear whether Rochon's claim, if brought separately, would fall within the jurisdiction of the Court of Federal Claims" because that court does not have jurisdiction over claims for damages sounding in tort. *Id.* (noting, however, that the Court of Federal Claims may retain jurisdiction over a suit where the "primary thrust of a complaint is breach of contract") (citation and internal quotations omitted); *see also Taylor v. United States, No. 05-1045 C, 2006 WL 2949283, \*7 (Fed.Cl. Oct. 13, 2006)* (Court of Federal Claims lacks jurisdiction over Title VII claims). As Defendant acknowledges, it is equally unclear whether the Court of Federal Claims would assert jurisdiction over Plaintiff's breach of contract claim in this case. Def.'s Mot. to Dismiss at 19-20. That court has recently declined jurisdiction to enforce a Title VII settlement agreement which, like the Settlement Agreement in this case did not authorize monetary damages as remedy for a breach, *see Schnelle v. United States, 69 Fed. Cl. 463, 466-67*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(Fed.Cl.2006), and it is undisputed that the Court of Federal Claims cannot award an equitable remedy in the absence of a viable claim for money damages, *Taylor, 2006 WL 2949283 at * 13*.

Moreover, in *Rochon* the D.C. Circuit suggested that the district court, based on its proper assertion of jurisdiction over the plaintiff's Title VII claim, could determine that it had ancillary jurisdiction over his breach of contract claim. *Rochon, 438 F.3d at 1215*. As such, it appears that because jurisdiction over Plaintiff's Title VII and ADEA claims lies in this Court, it would be possible for this Court to assert ancillary jurisdiction over Plaintiff's breach of contract claim. However, as this Court intends to transfer this case to the District of Hawaii, the Court shall leave the decision as to whether to assert such jurisdiction to the discretion of the United States District Court for the District of Hawaii upon transfer.

*A. Venue Under Title VII*

Under 42 U.S.C. § 2000e-5(f)(3), venue for Plaintiff's Title VII claim is proper (1) where the Navy's alleged retaliation occurred; (2) where the employment records relevant to the Navy's alleged retaliation are maintained and administered; (3) where Plaintiff would have worked but for the Navy's alleged retaliation; or, only if the Navy cannot be found in any of those districts, (4) where the Navy has its principal office. 42 U.S.C. § 2000e-5(f)(3). Plaintiff's Amended Complaint asserts that venue for his Title VII claim is proper in the District of Columbia "because the employment decisions affecting plaintiff were made in the District of Columbia, records concerning plaintiff's employment are maintained and administered in the District of Columbia, and Defendant, Secretary of the Navy, is located in the District of Columbia." Am. Compl. ¶ 7. The Navy contests each of these assertions.

As the Navy correctly points out, Plaintiff does not allege that he has ever worked in the District of Columbia on Navy activity. Def.'s Mot. to Dismiss at 17. In fact, Plaintiff alleges that he has worked in Ja-

pan since being hired by the Navy in February 1987. Am. Compl. ¶¶ 8-9. Plaintiff does not dispute that the Navy's alleged retaliation (denying Plaintiff's requests for training) occurred in Japan. *Id.* ¶ 36. Plaintiff suggests that venue for his Title VII claim is proper in the District of Columbia because the Navy's Final Agency Decision "was made from its offices at the Navy Yard, in SE Washington, D.C." Pl.'s Opp'n. at 11. However, the Title VII venue provision is not concerned with the location of the administrative processing of Plaintiff's claims, but rather with the location of the events giving rise to the claims and the records relevant to those events. *Lee v. England, No. Civ. A. 02-2521, 2004 WL 764441, *1 (D.D.C. Mar. 9, 2004); Shipkovitz v.. Mosbacher, Civ. A. No. 90-2159, 1991 WL 251864, *7 (D.D.C. Nov. 12, 1991)*. Plaintiff therefore cannot circumvent the language of the Title VII statute by seeking to ground venue on the location where his EEO complaints were processed. *Id.*

Plaintiff does not attempt to assert that he would have worked in the District of Columbia absent the Navy's alleged retaliation, thus the third prong of the Title VII venue provision is irrelevant. As to the second prong, Plaintiff asserts that "records concerning plaintiff's employment are maintained and administered in the District of Columbia." Am. Compl. ¶ 7. However, in support of its motion to dismiss, the Navy submitted the sworn declaration of Jeffrey Wataoka, Director of the Human Resources Service Center Pacific (HRSC Pacific) in Honolulu, HI. Def.'s Mot. to Dismiss Ex. 1 (3/16/06 Wataoka Decl.) ¶ 1. Mr. Wataoka avers that HRSC Pacific "maintains and administers the [official personnel records] of currently employed and recently separated employees of the [Ship Repair Facility in Yokosuka, Japan," *id.* ¶ 5, that HRSC Pacific has done so since April 1998, *id.* and that Mr. Wataoka is the custodian of Plaintiff's official personnel records, which are maintained and administered at HRSC Pacific, *id.* ¶ 6. As such, Plaintiff's unsupported speculation that his employment records are maintained and administered in the District of Columbia cannot suffice to establish venue under the second prong of the Title VII venue provision because it is contradicted by the Navy's evidence. *Jyachosky, 2006 WL 1805607 at *2, Lee,*

2004 WL 764441 at *1 n. 1.

**\*6** Venue for Plaintiff's Title VII claim is also improper in the District of Columbia under the fourth prong of the Title VII venue provision because that provision "permits venue to be laid where the respondent has his principal office only if the respondent is not located within any of the other districts covered by the statute." *Lee,* 2004 WL 764441 at * 1; *Mackey v. Sullivan,* Civ. A. No. 90-00007, 1991 WL 128510, *2 (D.D.C. Mar. 28, 1991) (citing *Archuleta v. Sullivan,* 725 F.Supp. 602, 604-05 (D.D.C.1989)). Plaintiff's official personnel records-which would presumably contain all records relevant to the Navy's alleged retaliation-are maintained and administered at HRSC Pacific in Honolulu, Hawaii, an office of the Department of the Navy. Def.'s Mot. to Dismiss Ex. 1 (3/16/06 Wataoka Decl.) ¶¶ 1, 6. As the Navy is therefore found within the district where the records relevant to the allegedly illegal employment practice are maintained and administered, Plaintiff cannot rely on the fourth prong of the Title VII venue provision to claim that venue lies in the District of Columbia.

### B. Venue Under the ADEA

In contrast, the ADEA does not contain a special provision, rather venue for Plaintiff's ADEA claim is proper (1) where the Navy resides, (2) where a substantial part of the events giving rise to the action occurred, or (3) where Plaintiff resides. 28 U.S.C. § 1391(e). Plaintiff works in Japan and his official personnel records indicate that his home of record is in California, thus venue does not lie in the District of Columbia under the third prong of § 1391(e). Def.'s Mot. to Dismiss Ex. 1 (3/16/06 Wataoka Decl.) ¶ 7. Furthermore, as discussed above, all of the events giving rise to Plaintiff's claim of retaliation under the ADEA occurred in Japan, not in the District of Columbia. Although Plaintiff maintains that it is his "position that a substantial part of the decisions were made in the District of Columbia," Pl.'s Opp'n at 11, such speculation is insufficient in the face of the Navy's evidence-a sworn declaration stating that Plaintiff has only worked for the Navy in Japan and a letter from Plaintiff to his Commanding Officer stating that his request for training was submitted to his supervisor and denied by his department director due

to a Commander Naval Forces Japan Instruction. *Jyachosky,* 2006 WL 1805607 at *2; *Lee,* 2004 WL 764441 at *1 n. 1; Def.'s Mot. to Dismiss Ex. 1 (3/16/06 Wataoka Decl.) and Ex. 3 (4/12/02 Letter from Plaintiff to Captain Bella, Commanding Officer, Naval Ship Repair Facility, Yokosuka, Japan). Moreover, even if Plaintiff were correct that a portion of the allegedly retaliatory decisions were made in the District of Columbia, "[v]enue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices' ... took place outside Washington even though actions taken in the District of Columbia 'may have had an impact on plaintiff's situation.' " *Mackey,* 1991 WL 128510 at *2 (citing *Donnell v. National Guard Bureau,* 568 F.Supp. 93, 94 (D.D.C.1983)).

**\*7** Plaintiff asserts that, under the first prong of § 1391(e), Plaintiff's ADEA claims could be brought in either the Eastern District of Virginia or the District of Columbia. Pl.'s Opp'n at 11. Defendant contends that the Secretary of the Navy is located at the Pentagon, in the Eastern District of Virginia, Def.'s Mot. to Dismiss at 19; however, "[o]fficers and agencies of the United States can have more than one residence, and venue can properly lie in more than one jurisdiction." *Jyachosky,* 2006 WL 1805607 at *4 (citation omitted) (finding that venue for plaintiff's ADEA claim against the Secretary of the Navy could lie in the District of Columbia). "When an officer of agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Id.* (citing *Bartman v. Cheney,* 827 F.Supp. 1, 1 (D.D.C.1983)); *see also Smith v. Dalton,* 927 F.Supp. 1, 5-6 (D.D.C.1996) (holding that the Secretary of the Navy may be sued in his official capacity in either the Eastern District of Virginia or the District of Columbia). As a result, although there is no evidence in the instant case that the Secretary of the Navy performs a significant amount of his official duties in the District of Columbia, case law indicates that venue for Plaintiff's ADEA claim might be proper in the District of Columbia.

Venue for Plaintiff's ADEA claim would, of course, not be proper in the District of Hawaii based solely on 28 U.S.C. § 1391(e). However, the authority in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3361509 (D.D.C.)
**(Cite as: Slip Copy)**

this Circuit indicates that when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of § 2000e-5(f)(3) controls. *See James v. Booz-Allen & Hamilton, Inc., 227 F.Supp.2d 16, 21 (D.D.C.2002); Stebbins v. Nationwide Mut. Ins. Co., 757 F.2d 364, 367 (D.C.Cir.1985)* (where venue is improper under Title VII, 28 U.S.C. § 1391 does not provide an additional place of venue); *Hayes v. RCA Serv. Co., 546 F.Supp. 661, 664-65 (D.D.C 1982)* (plaintiff must bring discrimination claims under 42 U.S.C. § 1981 (governed by general venue provision) and Title VII where venue lies under 42 U.S.C. § 2000e-5(f)(3)). Alternatively, some courts addressing such an exercise of pendent venue have determined that the Title VII venue provision controls where it is the "primary" claim. *See James, 227 F.Supp.2d at 21* (citing *Turbeville v. Casey, 525 F.Supp. 1070, 1071 (D.D.C.1981); Laffey v. Northwest Airlines, 321 F.Supp. 1041, 1042 (D.D.C.1971).* While venue for Plaintiff's ADEA claim may therefore be proper in the District of Columbia, venue for Plaintiff's Title VII claim is only proper in the District of Hawaii. As a result, the Court concludes that the proper course of action is to transfer Plaintiff's entire Amended Complaint to the District of Hawaii, rather than have Plaintiff's claims separately considered in different venues. *See Ridgely v. Chao, No. Civ. A. 05-1033, 2006 WL 626919, \*4 (D.D.C. Mar. 13, 2006)* (citing *Crenshaw v. Antokol, 287 F.Supp.2d 37, 42-43 (D.D.C.2003)).*[FN3]

> [FN3]. The Court believes that the interests of justice and judicial economy favor transferring Plaintiff's entire Amended Complaint to the District of Hawaii. However, in the event that Plaintiff disagrees, he may seek to sever his claims and litigate his ADEA claim in the District of Columbia, where venue properly lies.

**\*8** Before the Court can determine that Plaintiff's Amended Complaint should be transferred to the District of Hawaii however, the Court must consider the relevant private and public interest factors. *Greater Yellowstone Coalition, 180 F.Supp.2d at 127.* Plaintiff's choice of forum is entitled to less than or-

dinary deference as Plaintiff is not a resident of the District of Columbia and this action bears no "meaningful ties" to the District of Columbia. *S. Utah Wilderness Alliance, 315 F.Supp.2d at 86.*[FN4] Moreover, the Navy favors litigating this action in the District of Hawaii and notes that the events giving rise to the action occurred in Japan, and that the relevant records are in Japan or Hawaii. Def.'s Mot. to Dismiss at 24. Indeed, as it appears that the relevant witnesses in this action are located in Japan, Def.'s Mot. to Dismiss at 24, the Court notes that Japan is significantly closer to Hawaii than to the District of Columbia. As such, in the interest of justice and for the convenience of the parties, the Court shall grant the Navy's motion to transfer this action to the District of Hawaii, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

> [FN4]. Plaintiff's assertion that venue in this action should lie in the District of Columbia because his counsel is admitted to practice in the District of Columbia but not in Virginia or Hawaii is entitled to little, if any, weight under 28 U.S.C. § 1404(a). *See Armco Steel Co, L.P. v. CSX Corp., 790 F.Supp. 311, 324 (D.D.C.1991)* (citing *Islamic Republic of Iran v. Boeing Co., 477 F.Supp. 142, 143-44 (D.D.C.1979)).*

## IV: CONCLUSION

For the reasons set forth above, the Court shall grant Defendant's motion to transfer venue and shall deny without prejudice Defendant's motion to dismiss so that Defendant may refile that motion, if appropriate, upon transfer to the District of Hawaii. An appropriate Order accompanies this Memorandum Opinion.

D.D.C.,2006.
Munoz v. England
Slip Copy, 2006 WL 3361509 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| DR. GEOFFREY R. AKERS, | ) |  |
|  | ) |  |
| Plaintiff, | ) | No. 1:07cv00266 (RJL) |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| CARLOS GUTIERREZ, Secretary of Commerce, | ) |  |
| and JON DUDAS, Director OCR/United | ) |  |
| States Patent and Trademark Office, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

_____

## ORDER

Upon consideration of Defendants' Motion to Dismiss Carlos Gutierrez as a Defendant In This Action and Motion to Dismiss or Transfer For Improper Venue, it is this ___ day of 2007,

ORDERED that Defendants' Motion to Dismiss Carlos Gutierrez as a Defendant In This Action and Motion to Dismiss or Transfer For Improper Venue be and is hereby GRANTED;

it is further ORDERED that the sole Defendant in this action shall be Jon Dudas, Director, United States Patent and Trademark Office; and it is

further ORDERED that the above-captioned action be and is hereby TRANSFERRED to the Eastern District of Virginia.

SO ORDERED.

_____

U.S. District Judge

,