**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**RECEIVED**

MAY 0 9 2007

Dr. Geoffrey Akers,PE

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff Pro-Se                                        No:1:07cv00266(RJL)

V
Carlos Gutierrez,Secretary of Commerce
Jon Dudas,Director of OCR
US Patent Office

PLAINTIFF'S MOTION IN OPPOSITION AND REBUTTAL TO DEFENDANT'S
MOTION TO DISMISS CARLOS GUTIERREZ AS DEFENDANT AND MOTION TO
DISMISS OR TRANSFER FOR IMPROPER VENUE

Plaintiff files timely this Motion in Opposition citing Defendants Motion filed 4/30/07 is

fraught with error/ contradictions/ inconsistencies and as a consequence, this case

should remain in the District of Columbia as the proper venue. In support of his position,

Plaintiff-pro se cites the following facts. First Plaintiff maintained a domicile in the

District of Columbia at 3212 21st Street, SE during the period of the employment at the

USPTO  when these torts were committed by the Patent Office and as of the date of filing

of this complaint, February, 2007 Second, transfer to Eastern Virginia is not in the

interest of justice as the USPTO exerts an undue influence in Eastern Virginia and a fair

trial may not be obtained due to this omnipresent economic and governmental aura. This

is demonstrated in the very fact that a US senator from Virginia was causative in having

the location of the USPTO changed for the economic welfare of Eastern Virginia. Third,

this case includes retaliation which is beyond  the bounds of simply an EEO cause of

action in Virginia as well as coercion which rise to the level of federal torts redressable

within the scope of the Federal Tort Claims Act, and for which USPTP has demonstrated

-2-

its unwillingness to cooperate to find an amicable settlement which then requires another

agency, DOJ in Washington to perform USPTO's work for it. Additionally, USPTO, by

virtue of its prior bad faith actions has no credibility with Plaintiff, and settlement must

now be done with another agency, DOJ because of this absence of trust between Plaintiff

and USPTO.

Fourth, Carlos Gutierrez' official office on 14th and Constitution Avenue NW(ph

2024822000)is located in Washington,DC and is the senior official in charge of

all Department of Commerce(including USPTO) activities, and as such, he knows

through his subordinates or has reason to know of Agency activities for which he is

ultimately responsible. These activities  include EEO activities which  occur within

USPTO. At a time when governmental scandals are rife as Walter Reed Hospital and the

very Department of Justice herein with US Attorney General Alberto Gonzalez where

senior officials try to absolve themselves of responsibility for the torts committed

within their agencies for which they have direct responsibility, such a response from Ms

Merriweather is not well placed. Mr Gutierrez is ultimately responsible for the torts

committed within agencies reporting to him and has the power to resolve these issues

which in this case it has been demonstrated that the USPTO cannot or will not. Fifth, for

reasons to be delineated herein, Plaintiff posits that this action may not have been made

in good faith by Ms Merriweather. Sixth, this motion is not filed timely nor addresses the

material issues cited in the Complaint according to the Case Management Order issued

by this Court on February 7,2007 and should be summarily dismissed as filed too late,

non responsive and out of time.

-3-

## REBUTTAL

Addressing the arguments posited by the DOJ individually, Plaintiff further delineates his

Motion in Opposition. Ms. Merriweather of the DOJ admits that Mr. Dudas is a

Defendant in this action. However, this case transcends simply an EEO age

Discrimination(for which the agency has already admitted Plaintiff has a prima facie

case for age discrimination and for which EEO concurred).There is also the more severe

issue of retaliation included. Senior officials are responsible for the actions of their

subordinates. In the present instance, Mr. Gutierrez is responsible for Mr Dudas' failure

to adequately deal with the issues cited in the Complaint, namely ongoing Agency

retaliation in violation of Title VII as well as age discrimination and employee coercion.

Agency heads are to be named as defendants under 42 USC Sect 2000e-16( c ).Carlos

Gutierrez is a codefendent since in the present instance Dudas was remiss in not resolving

and remedying this situation before it festered into the greater claim that presently

exists. Hence, Dudas' failure to deal with the case means that Gutierrez must now handle

it in settlement. In a sense, Dudas is an agent of Gutierrez and principals are liable for the

tortuous actions of their agents, which would make Gutierrez ultimately responsible for

Agency torts. Gutierrez' office is on 14th and Constitution Avenue NW in Washington,

DC and as such "resides" in the District of Columbia which would make the District the

proper forum. As conceded by Ms Merriweather on page 4 of the Motion, since Plaintiff

is pro-se his complaint is held to "less stringent standards". Plaintiff maintained a

domicile in the District of Columbia at 3212 21st Street, SE during the period of the

-4-

employment at the USPTO when these torts were committed by the Patent Office and

had this domicile as of February,2007 when the Complaint was filed. Under Section 1391

(28 USC Sect 1391(e)(3) where plaintiff resides(page 6 of Motion). During the period of

time that this actions occurred, plaintiff maintained a domicile in Washington

which would negate where the USPTO is located for the ADEA claims and establish

District of Columbia as the proper venue forum. As admitted by Respondent, ADEA does

not contain a specific venue provision the general provisions of 28 USC 1391(e)

apply(page 6).In that instance, since Plaintiff maintained a domicile in Washington, DC

from 2000-2004, element (3) applies and makes the District the proper forum.During the

work week from 2000-2004, Plaintiff did not reside in Connecticut but maintained a

domicile in Washington, DC. Additionally as evidenced by official USPTO records(page

5) indicated that for purposes of USPTO transit subsidies from 2000-2004, Plaintiff was

required to list his LOCAL address which was 3212 21st Street SE Washington,DC 20020

where Plaintiff maintained a domicile during the time period of these violations.  In this

regard, it is indeed in official USPTO records(page 5, 4 element 2).

With respect to  "substantial interest of justice"(page 7) the Respondent is remiss.

Ms Merriweather did not even address the elements of the Complaint, but only argues as

to the forum. This is a non-meritorious argument—ancillary to a case that already has

been adjudged by EEO as presenting a prima facie case for age discrimination in October

2006. Thus, proposal to dismiss or transfer the case is not well founded and by this

proposal just demonstrates DOJ's unfamiliarity of the merits of the case since atomic

energy and national security issues are also involved. 28 USC 1406(a) prescribes

"substantial interest of justice" but this is exactly what  Ms. Merriweather proposes to

-5-

violate because transfer to Eastern Virginia is not in the interest of justice as the USPTO

exerts an undue influence in Eastern Virginia and a fair trial may not necessarily be

obtained due to this omnipresent economic and governmental aura. Further, USPTO in

these environs is a hostile environment for an impartial trial. This is demonstrated

in the very fact that a US senator from Virginia was causative in having the location of

the USPTO changed for the economic welfare of Eastern Virginia. It would be extremely

difficult and unfair burden, to secure an unbiased jury who were not influenced by the

economic activities of USPTO directly or indirectly there.  Also, since retaliation is

included herein this element surpasses the bounds of  an EEO cause of action in Virginia

as well as coercion which gives rise to the level of federal torts redressable within the

scope of the Federal Tort Claims Act which severity would implicate senior official

Gutierrez whose principal place of business in on Constitution Avenue, Washington,DC

preempting the location of Jon Dudas as Gutierrez is Jon Dudas' superior.

The distinct possibility exists that this action is not made in good faith by Ms

Merriweather.  The reasons for this theory are that Ms Merriweather made an entry of

appearance on April; 27,2007 the same day that this Court granted the Plaintiff's Request

for Continuance. Ms Merriweather would have been unaware of the newly scheduled

date of May 15 for the Status Conference so by filing this Motion at such a late date

under the originally presumed date of May 4 would not have allowed Plaintiff sufficient

time(April 30 filed see Service document)to respond placing Plaintiff at an unfair

disadvantage in rebuttal. Finally, this motion is not filed timely according to the Case

Management Order issued this Court on February 7, 2007 permitting Respondent 60 days

-6-

to file his Reply. Certified mail receipts submitted to the Court show February 16,2007 as

the service date to the US Attorney NOT February 28,2007 to the USPTO. Since the

Respondent has elected to decline to argue the merits of the case and instead has filed his

response on changing venue, the earlier date, namely 60 days from the Respondent's

receipt of the Complaint(February 16,2007) should be controlling. Thus the 60 days

expired on April 16,2007  before Ms Merriweather made an appearance on April 27,2008

in the Court record and before DOJ filed its response on April 30,2007. The Motion

should be dismissed as filed too late, non responsive to the issues cited in the

Complaint, and out of time.

 The Baum affidavit has no value. On page 2 Mr Baum admits he was not even

an employee of USPTO until July 2006, one and one half years after Plaintiff was

coerced into retiring on January 5,2005.He thus has no direct personal knowledge

of employment practices nor of the coercive activities exerted on Plaintiff in 2004

existing at the USPTO in this period 2003-2005 anterior to his arrival.

Wherefore, Plaintiff respectfully requests this Court will retain  its current jurisdiction in

Washington, DC over this case and also retain Carlos Gutierrez as a Co-defendant who

has the power to settle this case(over all agencies), and who has already been a Co-

defendant for the past two years already throughout the entire EEO proceedings as a

precedent with no prior objection from Respondent . Further Mr.Gutierrez is a

responsible senior official who has the ability and power to resolve this complex

case(which is multidimensional in complexity including collusion, coercion, violation of

ADEA and Civil Service merit system guidelines,slander) commensurate with seeking

-7-

resolution under US District Court Rule 16.

Dr. Geoffrey Akers, PE, Plaintiff                    May 8,2007


CERTIFICATE OF SERVICE

I certify that I personally am delivering a copy of this Rebuttal and Motion in Opposition

to Respondent on 5/15/07 at the Court scheduled Status Conference in Courtroom 18,

Floor 6 United States District Court for the District of Columbia, 333 Constitution

Avenue, NW, Washington, DC and that copies were filed with the Clerk of this Court for

the record on the date affixed on page 7 oft his Rebuttal.

Dr. Geoffrey Akers, PE                    5/15/07
Plaintiff-Pro-Se