# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ | ) | |
| DR. GEOFFREY R. AKERS, | ) | |
| | ) | No. 1:07cv00266 (RJL) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS GUTIERREZ, Secretary of Commerce, | ) | |
| and PATRICIA BOYLAN, Director OCR/United | ) | |
| States Patent and Trademark Office, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ERRATA

Defendants Carlos Gutierrez, <u>et al.</u>, by and through undersigned counsel, hereby submit a corrected version of Defendants' Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Carlos Gutierrez as a Defendant in this Action and Motion to Dismiss Or Transfer for Improper Venue (Dkt. Entry 11). Due to a malfunction in counsel's word-processing software, the .pdf version of the Reply Memorandum submitted as Docket Entry 11 contained only the certificate of service, and did not include the body of the pleading.

The corrected version of that memorandum of law is attached as Exhibit 1 hereto.

Dated: May 21, 2007                          Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney



_____/s/ Robin M. Meriweather_____
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov



**Of Counsel:**

Kyu Lee
Associate Counsel, Office of General Counsel
United States Patent and Trademark Office

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May, 2007, I caused the foregoing Errata to be

filed *via* the Court's ECF system, and to be served upon *pro se* plaintiff by first class mail,

postage prepaid, addressed to:

Geoffrey R. Akers
25 Lincoln Avenue
Norwich, CT 06360


                                                _____ /s/ Robin M. Meriweather
                                            Robin M. Meriweather, DC Bar # 490114

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
DR. GEOFFREY R. AKERS,           )
)     No. 1:07cv00266 (RJL)
           Plaintiff,     )
)
   v.                    )
)
CARLOS GUTIERREZ, Secretary of Commerce, )
and PATRICIA BOYLAN, Director OCR/United )
States Patent and Trademark Office,     )
)
           Defendants.    )
_____)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CARLOS GUTIERREZ AS A DEFENDANT IN THIS ACTION AND MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

### INTRODUCTION AND SUMMARY

In a Title VII case, "venue cannot lie in the District of Columbia when a 'substantial part, if not all, of the employment practices challenged in th[e] action' took place outside the District." *Darby v. Department of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). Here, all of the employment practices of which Plaintiff complains took place in the Eastern District of Virginia. The other Title VII venue criteria also indicate that the District of Columbia is an improper venue, and that Plaintiff should have initiated this action in the Eastern District of Virginia. Thus as a matter of law, Plaintiff's Title VII claims cannot be heard in this Court.

Plaintiff makes a variety of arguments in his opposition and supplemental opposition to Defendants' motion to dismiss or to transfer. Plaintiff contends, *inter alia,* that: (1) Defendants' motion to dismiss was untimely; (2) Plaintiff maintains a residence in Washington, DC and therefore properly initiated this action in this Court; (3) the Secretary of the Department of

Commerce should remain a defendant, and that agency's presence in Washington, D.C. makes venue proper in this Court; (4) Defendants maintain Plaintiff's personnel records in St. Louis, Missouri; and (5) the Eastern District of Virginia would not be an impartial forum. The majority of Plaintiff's arguments do not implicate any of the four factors courts may consider when determining whether a Title VII claim has been brought in the correct forum. Although Title VII allows venue in the district in which the employer maintains the relevant personnel files, Plaintiff's personnel files are in Alexandria, Virginia. Plaintiff's belief that those files are in St. Louis, Missouri, is mistaken, and would not make venue proper in *this* Court even if it were true. Thus none of Plaintiff's arguments establish that venue is proper in the District of Columbia.

Given that Plaintiff's Title VII claims cannot be brought in this Court, Plaintiff's ADEA claim also should be transferred to the Eastern District of Virginia. The Court should look to Title VII's venue provisions when assessing venue for the ADEA claim because the alleged age discrimination arises out of the same facts as Plaintiff's sex and race discrimination claims. Regardless, requiring the parties to litigate those claims in two different forums would be contrary to the interests of justice and judicial economy, and inconvenient for parties and witnesses. For all those reasons, the Court should grant Defendants' motion.

## ARGUMENT

### I.    DEFENDANTS TIMELY FILED THEIR MOTION TO DISMISS OR TRANSFER.

Defendants filed their motion to dismiss on the day their answer or other response to Plaintiff's complaint was due. In a case against the United States or a federal agency, a defendant must respond to the complaint within 60 days after service upon the United States Attorney. *See* Fed. R. Civ. P. 12(a)(3)(A). The United States Attorney's Office for the District

of Columbia was served February 27, 2007, making Defendants' answer or responsive pleading due April 30, 2007.[1]  Defendants' motion to dismiss was filed that day, April 30, 2007.  *See* Dkt. Entry 8.  As Defendants' motion was filed pursuant to Rule 12, that motion deferred the date on which Defendants' answer is due.  *See* Fed. R. Civ. P. 12(a)(4).

Plaintiff mistakenly asserts that service was made upon the United States Attorney February 16, 2007.  February 16, 2007 appears to be the date on which Plaintiff mailed the summons *via* certified mail.  *See* Dkt. Entry 4.  But it is the date on which the summons and complaint were *delivered* to the United States Attorney, *i.e.*, the return receipt date, that matters for purposes of Rule 12(a)(3)(A).  *See* Fed R. Civ. P. 4(i)(1) (allowing service to be effected upon the United States by *"delivering* a copy of the summons and of the complaint" to the relevant United States Attorney's Office) (emphasis added); *Anderton v. United States*, No. 06-129, 2006 WL 3928014, at *2 (D.D.C. Nov. 10, 2006) (explaining that plaintiff did not effect service by personally sending summons and complaint to United States Attorney *via* certified mail because Rule 4(b) requires that service be made by a non-party).  The handwritten date on the return of service shows that the summons and complaint were delivered to the United States Attorney's Office February 27, 2007.  *See* Dkt. Entry 4.  While the writing on the scanned version of that return receipt is cloudy,[2] the mailing envelope plainly shows that service was made February 27, 2007.  *See* Exh. A hereto (copy of mailing envelope).  Accordingly,

---

[1]Because the sixtieth day after February 27, 2007 is Saturday April 28, 2007, Defendants' brief was due the next business day after April 28, 2007, *i.e.*, April 30, 2007.  *See* Fed. R. Civ. P. 6(a).

[2] That lack of clarity appears to have caused the return of service date to be recorded as February 21, 2007, on the docket sheet.

Defendants' motion was not late, and must be considered on its merits.

## II.    THE DIRECTOR OF THE USPTO IS THE ONLY PROPER DEFENDANT IN THIS ACTION.

The head of the agency whose employment practices are being challenged is the only proper defendant in a Title VII or ADEA case. *See* 42 U.S.C. § 2000e-16(c) (requiring Title VII suits to be brought against agency head); *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1052 n.1 (D.C. Cir. 1988) (concluding agency head is only proper defendant for Title VII claims); *Rattner v. Bennett*, 701 F. Supp. 7, 9 (D.D.C. 1988) (holding ADEA suits must be brought against agency head). Plaintiff is a former USPTO employee, who alleges that he was discriminated and retaliated against while employed by USPTO. Accordingly, Jon Dudas, Director of the USPTO, is the only proper defendant for Plaintiff's sex, race and age discrimination claims, and Defendant Carlos Gutierrez should be dismissed as a party. *See Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (concluding Secretary of Commerce was not proper defendant in discrimination action against USPTO). Patricia Boylan also is not a proper defendant, as Ms. Boylan is the Director of USPTO's Office of Civil Rights ("OCR"), and not the Director of USPTO itself.[3] *See Haynes v. Health and Human Servs.*, 879 F. Supp. 127, 128-29 (D.D.C. 1995) (dismissing claims against employees and supervisors that were not the head of the agency). Director Dudas should therefore be substituted as a defendant for both Secretary Gutierrez and Ms. Boylan.

Plaintiff's assertion that Secretary Gutierrez controls USPTO and therefore should

---

[3] Defendants focused on the dismissal of Secretary Gutierrez in their memorandum of law in support of the motion to dismiss because counsel read Plaintiff's complaint as naming a prior director of USPTO. However, upon further investigation, it has become clear that Plaintiff named the head of "OCR"— a division within USPTO — and not the head of USPTO itself.

remain a defendant in this action is groundless.  Although the USPTO is a part of the Department of

Commerce, the USPTO is an "agency of the United States" that "exercise[s] *independent control*

of its . . . personnel decisions and processes."  35 U.S.C. § 1(a) (emphasis added).  Accordingly,

USPTO, not the Department of Commerce, is the allegedly discriminatory agency.  It follows

that the head of USPTO is the proper defendant in this case.  *See Varma*, 421 F. Supp. 2d at 113.

## III.    TITLE VII'S VENUE PROVISIONS BAR THIS COURT FROM HEARING PLAINTIFF'S CLAIMS OF SEX AND RACE DISCRIMINATION AND RETALIATION.

Congress prescribed that claims arising under Title VII of the Civil Rights Act of 1964,

42 U.S.C.A. § 2000e *et seq.*, be heard in one of three places: (1) a district in the state in which

the allegedly unlawful employment practice occurred; (2) the district in which the relevant

employment records are maintained and administered; or (3) the district in which the plaintiff

would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-

5(f)(3) (numbering added).  If no defendant can be found in one of those three potential venues,

courts look to a fourth venue criterion, and the case may be heard in the judicial district in which

a defendant has its principal place of business.  *See id.*; *see also Darby*, 231 F. Supp. 2d at 278.

Title VII's specific venue provisions trump the general venue provisions codified at 28 U.S.C.

§ 1391, and those four criteria are the sole basis on which venue in a Title VII claim may be

determined.  *See Berenson v. National Fin. Servs., LLC*, 319 F. Supp. 2d 1, 3-4 (D.D.C. 2004);

*Amirmoki v. Abraham*, 217 F. Supp. 2f 88, 90 (D.D.C. 2002); *Archuleta v. Sullivan*, 725 F. Supp.

602 (D.D.C. 1989).

The District of Columbia would not be the proper venue for Plaintiff's Title VII claims under any of those criteria. Plaintiff's allegations of sex discrimination and retaliation arise under Title VII, as would any race discrimination claim he may bring. *See* 42 U.S.C. §§ 2000e-2, 2000e-3. The allegedly unlawful employment actions all took place in the Commonwealth of Virginia. *See* Mot. to Dismiss, Baum Decl. ¶¶ 2-5 (Dkt. Entry 8). Defendant USPTO maintains the personnel records for both Plaintiff and Tuyet-Phong (Teri) Luu, the selectee for the position Plaintiff desired, in Alexandria, Virginia. *See id.* ¶ 5; Decl. of Anne Mendez, ¶ 2 (Exh. B hereto). Defendant also maintains Plaintiff's employment litigation records in Alexandria, Virginia. *See* Mot. to Dismiss, Baum Decl. ¶¶ 5-6 (Dkt. Entry 8). And absent the allegedly unlawful employment actions, Plaintiff would have worked at a USPTO office in Virginia. *See id.* ¶¶ 2-3. The fourth venue criterion does not apply because Defendant USPTO can be found in the Eastern District of Virginia. But even if that criterion did apply, it too would establish that the District of Columbia is not the proper venue for Plaintiff's Title VII claims, because USPTO's principal place of business is in Alexandria, Virginia. *See* 35 U.S.C. § 1 (defining principal place of business for USPTO).

Plaintiff neither alleges nor offers facts indicating that any of the four elements of the Title VII venue analysis make venue proper in the District of Columbia. Instead, he attempts to discredit the Baum testimony, suggesting that Baum lacks personal knowledge of these matters because he was hired by USPTO in July 2006, after the alleged discriminatory practices occurred. *See* Opp. to Mot. to Dismiss at 6 (Dkt. Entry 9). That unfounded attack on Baum's credibility falls far short of proving that venue is proper in this Court.

At the outset, it bears noting that Plaintiff does not allege that the District of Columbia was the location in which the allegedly unlawful conduct occurred, where Plaintiff would have worked absent such conduct, where USPTO maintains the relevant personnel records, or where USPTO has its principal place of business.  Nor could he.  USPTO and its Patent Examiners have been located in Virginia throughout the time period relevant to this suit, as Plaintiff well knows having worked at USPTO—in Virginia—as a Patent Examiner.

In any event, there is no basis to question the reliability of Mr. Baum's sworn declaration. Mr. Baum's position as Director of Human Capital Management gives him knowledge concerning these fundamental aspects of USPTO's practices, location, and personnel policies. *See* Mot. to Dismiss, Baum Decl. ¶ 3 (Dkt. Entry 8).  Further, the declarations submitted herewith corroborate Mr. Baum's testimony.  The declaration of William R. Covey, Deputy General Counsel, confirms that the offices in which personnel decisions were made and USPTO's patent examiner offices were located in Virginia while Plaintiff was a USPTO employee.  Mr. Covey has worked at USPTO since 2000, and therefore has direct personal knowledge that the relevant USPTO offices were located in Virginia during all time periods relevant to this Complaint.  *See* Declaration of William R. Covey ¶¶ 2-3 (Exh. C hereto).  The declaration of Anne Mendez, a Supervisory Employee Relations Specialist in USPTO's Office of Human Resources, confirms that Plaintiff's personnel files are maintained in Alexandria, Virginia.  *See* Mendez Decl. ¶ 2.  In any event, there is no reason to question Mr. Baum's knowledge of the location of those files because the Title VII venue analysis asks where the relevant employment records currently are maintained, not where they were located at the time the alleged discrimination occurred.

Plaintiff's assertion that USPTO has transferred his personnel files to St. Louis, Missouri is factually incorrect, and would not support venue in the District of Columbia even if it were true. As noted in the declaration of Mr. Baum, the USPTO forwards personnel records of certain prior employees to the National Personnel Records Center ("NPRC") in St. Louis, Missouri. *See* Mot. to Dismiss, Baum Decl. ¶ 5 (Dkt. Entry 8). However, Plaintiff's personnel files have not been forwarded to the NPRC, and remain in Alexandria, Virginia. *See id.* ¶ 5; Mendez Decl. ¶¶ 2-3.

The United States Department of Commerce's presence in the District of Columbia, and Plaintiff's new assertion that he maintains a residence in the District of Columbia, are irrelevant for purposes of the Title VII venue analysis. Unlike 28 U.S.C.§ 1391, Title VII does not indicate that venue may be proper in the state in which either party resides. *Compare* 42 U.S.C. § 2000e-5(f)(3) *with* 28 U.S.C. § 1391. Instead, it focuses exclusively on the criteria discussed above. Accordingly, Plaintiff's improper attempt to insert Secretary Gutierrez into this suit concerning USPTO employment decisions does not cure the venue deficiency. Nor does Plaintiff's allegation that he resides in the District of Columbia and used a District of Columbia mailing address while employed at USPTO.

**III. THIS COURT IS NOT THE PROPER VENUE FOR PLAINTIFF'S ADEA CLAIM, BUT IF IT WERE THE INTERESTS OF JUSTICE WOULD FAVOR TRANSFERRING THAT CLAIM TO THE EASTERN DISTRICT OF VIRGINIA.**

Given that Plaintiff's Title VII and ADEA claims arise out of the same alleged conduct by USPTO employees, Title VII's narrow venue provisions control. *See Munoz v. England*, No. 05-2472, 2006 WL 3361509, at *7 (D.D.C. Nov. 20, 2006). Put differently, even though a District of Columbia resident might be able to bring a standalone ADEA claim against USPTO

in this district, a plaintiff that raises his ADEA claim in conjunction with Title VII claims must

adhere to Title VII's venue provisions. *See id.* at *7 & n. 3. *But see Archuleta*, 725 F. Supp 602

(finding D.C. proper venue for ADEA but not Title VII claim, then transferring both to forum

where Title VII claim could be heard). As explained *supra*, a plaintiff's residency in a state does

not establish venue under Title VII, although it is one of the factors considered under 28 U.S.C.

§ 1391. Accordingly, Plaintiff's allegation that he resides in the District of Columbia would not

make this Court the proper forum for his ADEA claim, even if that allegation appeared in the

complaint instead of Plaintiff's opposition brief.

Moreover, the transfer of Plaintiff's ADEA claim would be appropriate under 28 U.S.C.

§ 1404(a) even if that claim were governed by Section 1391's general venue provisions. Section

1404(a) permits a district court to transfer "any civil action to any other district or division where

it might have been brought" if transfer would suit "the interests of justice...[or] the convenience

of the parties and witnesses." 28 U.S.C. § 1404(a). That provision vests "discretion in the

district court to adjudicate motions to transfer according to an individualized, case-by-case

consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27

(1988). Convenience, fairness, and justice all indicate that Plaintiff's ADEA claim should be

transferred to the Eastern District of Virginia even if venue for that claim were proper in this

Court.

Allowing all of a plaintiff's claims to be heard in a single forum promotes the interest of

justice and judicial economy. *See, e.g.*, *Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 43 (D.D.C.

2003); *id.* at 45 ("it is in the interest of justice to transfer the entire complaint rather than have it

heard in two different venues"); *Munoz*, 2006 WL 3361509, at *7. Here, that can only occur if

Plaintiff's claims are transferred to the Eastern District of Virginia, because Plaintiff's Title VII claims cannot be heard in this Court. Further, it would be unfair and inconvenient to require the USPTO to defend Plaintiff's ADEA claim in this Court, while defending the Title VII claims based on the same conduct in the Eastern District of Virginia. That bifurcation of forums also would be unfair and inconvenient to witnesses, who would have to testify and otherwise participate in two separate actions.

Plaintiff's unfounded fear that the Eastern District of Virginia would be a biased forum can be addressed during jury selection, and to the extent Plaintiff questions the impartiality of the court, he may invoke the recusal laws. *See Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 44-45 (D.D.C. 2003) (rejecting argument that possibility of judicial bias in Indiana courts should prevent transfer and stating that recusal provides protection against judicial bias). In sum, Plaintiff can pursue his retaliation and sex, age, and race discrimination claims as fully in the Eastern District of Virginia as he could in the District of Columbia. Therefore Plaintiff's ADEA claim should be transferred to the Eastern District of Virginia with his Title VII claims. *See, e.g.*, *Jyachosky v. Winter,* No. 04-01733, 2006 WL 1805607, at *4 (D.D.C. June 29, 2006) (transferring case to E.D.V.A. because it was the only forum where Title VII and ADEA claims could be heard together); *Archuleta*, 705 F. Supp. 602 (transferring ADEA claim to district with jurisdiction over Title VII claim).

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court should dismiss the complaint for improper venue or,

in the alternative, should transfer the case to the Eastern District of Virginia.

Dated: May 21, 2007                    Respectfully submitted,


                                       ___Jeffrey A. Taylor /by KM_____
                                       JEFFREY A. TAYLOR, D.C. BAR # 498610
                                       United States Attorney


                                       ___Rudolph Contreras_____
                                       RUDOLPH CONTRERAS, D.C. BAR #434122
                                       Assistant United States Attorney


                                       ___Robin M. Meriweather_____
                                       ROBIN M. MERIWEATHER, D.C. Bar # 490114
                                       Assistant United States Attorney
                                       555 Fourth St., N.W.
                                       Washington, D.C.  20530
                                       Phone: (202) 514-7198
                                       Fax: (202) 514-8780
                                       Robin.Meriweather2@usdoj.gov


**Of Counsel:**

Kyu Lee
Associate Counsel, Office of General Counsel
United States Patent and Trademark Office

-11-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of May, 2007, I caused the foregoing Reply to be

filed *via* the Court's ECF system, and to be served upon *pro se* plaintiff by first class mail,

postage prepaid, addressed to:

Geoffrey R. Akers
25 Lincoln Avenue
Norwich, CT 06360


              /s/ Robin M. Meriweather
Robin M. Meriweather, DC Bar # 490114

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

―――――――――――――――――――――――――

|  |  |  |
|---|---|---|
| DR. GEOFFREY R. AKERS, | ) | |
|  | ) | No. 1:07cv00266 (RJL) |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| CARLOS GUTIERREZ, Secretary of Commerce, | ) | |
| and PATRICIA BOYLAN, Director OCR/United | ) | |
| States Patent and Trademark Office, | ) | |
|  | ) | |
| Defendants. | ) | |

―――――――――――――――――――――――――


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CARLOS GUTIERREZ AS A DEFENDANT IN THIS ACTION AND MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE**

**<u>INTRODUCTION AND SUMMARY</u>**

In a Title VII case, "venue cannot lie in the District of Columbia when a 'substantial part, if not all, of the employment practices challenged in th[e] action' took place outside the District." *Darby v. Department of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). Here, all of the employment practices of which Plaintiff complains took place in the Eastern District of Virginia. The other Title VII venue criteria also indicate that the District of Columbia is an improper venue, and that Plaintiff should have initiated this action in the Eastern District of Virginia. Thus as a matter of law, Plaintiff's Title VII claims cannot be heard in this Court.

Plaintiff makes a variety of arguments in his opposition and supplemental opposition to Defendants' motion to dismiss or to transfer. Plaintiff contends, *inter alia,* that: (1) Defendants' motion to dismiss was untimely; (2) Plaintiff maintains a residence in Washington, DC and therefore properly initiated this action in this Court; (3) the Secretary of the Department of

Commerce should remain a defendant, and that agency's presence in Washington, D.C. makes venue proper in this Court; (4) Defendants maintain Plaintiff's personnel records in St. Louis, Missouri; and (5) the Eastern District of Virginia would not be an impartial forum. The majority of Plaintiff's arguments do not implicate any of the four factors courts may consider when determining whether a Title VII claim has been brought in the correct forum. Although Title VII allows venue in the district in which the employer maintains the relevant personnel files, Plaintiff's personnel files are in Alexandria, Virginia. Plaintiff's belief that those files are in St. Louis, Missouri, is mistaken, and would not make venue proper in *this* Court even if it were true. Thus none of Plaintiff's arguments establish that venue is proper in the District of Columbia.

Given that Plaintiff's Title VII claims cannot be brought in this Court, Plaintiff's ADEA claim also should be transferred to the Eastern District of Virginia. The Court should look to Title VII's venue provisions when assessing venue for the ADEA claim because the alleged age discrimination arises out of the same facts as Plaintiff's sex and race discrimination claims. Regardless, requiring the parties to litigate those claims in two different forums would be contrary to the interests of justice and judicial economy, and inconvenient for parties and witnesses. For all those reasons, the Court should grant Defendants' motion.

## <u>ARGUMENT</u>

## I.   DEFENDANTS TIMELY FILED THEIR MOTION TO DISMISS OR TRANSFER.

Defendants filed their motion to dismiss on the day their answer or other response to Plaintiff's complaint was due. In a case against the United States or a federal agency, a defendant must respond to the complaint within 60 days after service upon the United States Attorney. *See* Fed. R. Civ. P. 12(a)(3)(A). The United States Attorney's Office for the District

of Columbia was served February 27, 2007, making Defendants' answer or responsive pleading

due April 30, 2007.[1]  Defendants' motion to dismiss was filed that day, April 30, 2007.  *See* Dkt.

Entry 8.  As Defendants' motion was filed pursuant to Rule 12, that motion deferred the date on

which Defendants' answer is due.  *See* Fed. R. Civ. P. 12(a)(4).

Plaintiff mistakenly asserts that service was made upon the United States Attorney

February 16, 2007.  February 16, 2007 appears to be the date on which Plaintiff mailed the

summons *via* certified mail.  *See* Dkt. Entry 4.  But it is the date on which the summons and

complaint were *delivered* to the United States Attorney, *i.e.*, the return receipt date, that matters

for purposes of Rule 12(a)(3)(A).  *See* Fed R. Civ. P. 4(i)(1) (allowing service to be effected

upon the United States by *"delivering* a copy of the summons and of the complaint" to the

relevant United States Attorney's Office) (emphasis added); *Anderton v. United States*, No. 06-

129, 2006 WL 3928014, at *2 (D.D.C. Nov. 10, 2006) (explaining that plaintiff did not effect

service by personally sending summons and complaint to United States Attorney *via* certified

mail because Rule 4(b) requires that service be made by a non-party).  The handwritten date on

the return of service shows that the summons and complaint were delivered to the United States

Attorney's Office February 27, 2007.  *See* Dkt. Entry 4.  While the writing on the scanned

version of that return receipt is cloudy,[2] the mailing envelope plainly shows that service was

made February 27, 2007.  *See* Exh. A hereto (copy of mailing envelope).  Accordingly,

---

[1]Because the sixtieth day after February 27, 2007 is Saturday April 28, 2007, Defendants'
brief was due the next business day after April 28, 2007, *i.e.*, April 30, 2007.  *See* Fed. R. Civ. P.
6(a).

[2] That lack of clarity appears to have caused the return of service date to be recorded as
February 21, 2007, on the docket sheet.

-3-

Defendants' motion was not late, and must be considered on its merits.

## II.   THE DIRECTOR OF THE USPTO IS THE ONLY PROPER DEFENDANT  IN THIS ACTION.

The head of the agency whose employment practices are being challenged is the only proper defendant in a Title VII or ADEA case.  *See* 42 U.S.C. § 2000e-16(c) (requiring Title VII suits to be brought against agency head); *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1052 n.1 (D.C. Cir. 1988) (concluding agency head is only proper defendant for Title VII claims); *Rattner v. Bennett*, 701 F. Supp. 7, 9 (D.D.C. 1988) (holding ADEA suits must be brought against agency head).  Plaintiff is a former USPTO employee, who alleges that he was discriminated and retaliated against while employed by USPTO.  Accordingly, Jon Dudas, Director of the USPTO, is the only proper defendant for Plaintiff's sex, race and age discrimination claims, and Defendant Carlos Gutierrez should be dismissed as a party.  *See Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (concluding Secretary of Commerce was not proper defendant in discrimination action against USPTO).  Patricia Boylan also is not a proper defendant, as Ms. Boylan is the Director of USPTO's Office of Civil Rights ("OCR"), and not the Director of USPTO itself.[3]  *See Haynes v. Health and Human Servs.*, 879 F. Supp. 127, 128-29 (D.D.C. 1995) (dismissing claims against employees and supervisors that were not the head of the agency).  Director Dudas should therefore be substituted as a defendant for both Secretary Gutierrez and Ms. Boylan.

Plaintiff's assertion that Secretary Gutierrez controls USPTO and therefore should

---

[3]  Defendants focused on the dismissal of Secretary Gutierrez in their memorandum of law in support of the motion to dismiss because counsel read Plaintiff's complaint as naming a prior director of USPTO.  However, upon further investigation, it has become clear that Plaintiff named the head of "OCR"— a division within USPTO — and not the head of USPTO itself.

remain a defendant in this action is groundless.  Although the USPTO is a part of the Department of

Commerce, the USPTO is an "agency of the United States" that "exercise[s] *independent control*

of its . . . personnel decisions and processes."  35 U.S.C. § 1(a) (emphasis added).  Accordingly,

USPTO, not the Department of Commerce, is the allegedly discriminatory agency.  It follows

that the head of USPTO is the proper defendant in this case.  *See Varma*, 421 F. Supp. 2d at 113.

## III.    TITLE VII'S VENUE PROVISIONS BAR THIS COURT FROM HEARING PLAINTIFF'S CLAIMS OF SEX AND RACE DISCRIMINATION AND RETALIATION.

Congress prescribed that claims arising under Title VII of the Civil Rights Act of 1964,

42 U.S.C.A. § 2000e *et seq.*, be heard in one of three places: (1) a district in the state in which

the allegedly unlawful employment practice occurred; (2) the district in which the relevant

employment records are maintained and administered; or (3) the district in which the plaintiff

would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-

5(f)(3) (numbering added).  If no defendant can be found in one of those three potential venues,

courts look to a fourth venue criterion, and the case may be heard in the judicial district in which

a defendant has its principal place of business.  *See id.*; *see also Darby*, 231 F. Supp. 2d at 278.

Title VII's specific venue provisions trump the general venue provisions codified at 28 U.S.C.

§ 1391, and those four criteria are the sole basis on which venue in a Title VII claim may be

determined.  *See Berenson v. National Fin. Servs., LLC*, 319 F. Supp. 2d 1, 3-4 (D.D.C. 2004);

*Amirmoki v. Abraham*, 217 F. Supp. 2f 88, 90 (D.D.C. 2002); *Archuleta v. Sullivan*, 725 F. Supp.

602 (D.D.C. 1989).

The District of Columbia would not be the proper venue for Plaintiff's Title VII claims under any of those criteria.  Plaintiff's allegations of sex discrimination and retaliation arise under Title VII, as would any race discrimination claim he may bring.  *See* 42 U.S.C. §§ 2000e-2, 2000e-3.  The allegedly unlawful employment actions all took place in the Commonwealth of Virginia.  *See* Mot. to Dismiss, Baum Decl. ¶¶ 2-5 (Dkt. Entry 8).  Defendant USPTO maintains the personnel records for both Plaintiff and Tuyet-Phong (Teri) Luu, the selectee for the position Plaintiff desired, in Alexandria, Virginia.  *See id.* ¶ 5; Decl. of Anne Mendez, ¶ 2 (Exh. B hereto).  Defendant also maintains Plaintiff's employment litigation records in Alexandria, Virginia.  *See* Mot. to Dismiss, Baum Decl.¶¶ 5-6 (Dkt. Entry 8).  And absent the allegedly unlawful employment actions, Plaintiff would have worked at a USPTO office in Virginia.  *See id.* ¶¶ 2-3.  The fourth venue criterion does not apply because Defendant USPTO can be found in the Eastern District of Virginia.  But even if that criterion did apply, it too would establish that the District of Columbia is not the proper venue for Plaintiff's Title VII claims, because USPTO's principal place of business is in Alexandria, Virginia.  *See* 35 U.S.C. § 1 (defining principal place of business for USPTO).

Plaintiff neither alleges nor offers facts indicating that any of the four elements of the Title VII venue analysis make venue proper in the District of Columbia.  Instead, he attempts to discredit the Baum testimony, suggesting that Baum lacks personal knowledge of these matters because he was hired by USPTO in July 2006, after the alleged discriminatory practices occurred.  *See* Opp. to Mot. to Dismiss at 6 (Dkt. Entry 9).  That unfounded attack on Baum's credibility falls far short of proving that venue is proper in this Court.

-6-

At the outset, it bears noting that Plaintiff does not allege that the District of Columbia was the location in which the allegedly unlawful conduct occurred, where Plaintiff would have worked absent such conduct, where USPTO maintains the relevant personnel records, or where USPTO has its principal place of business. Nor could he. USPTO and its Patent Examiners have been located in Virginia throughout the time period relevant to this suit, as Plaintiff well knows having worked at USPTO—in Virginia—as a Patent Examiner.

In any event, there is no basis to question the reliability of Mr. Baum's sworn declaration. Mr. Baum's position as Director of Human Capital Management gives him knowledge concerning these fundamental aspects of USPTO's practices, location, and personnel policies. *See* Mot. to Dismiss, Baum Decl. ¶ 3 (Dkt. Entry 8). Further, the declarations submitted herewith corroborate Mr. Baum's testimony. The declaration of William R. Covey, Deputy General Counsel, confirms that the offices in which personnel decisions were made and USPTO's patent examiner offices were located in Virginia while Plaintiff was a USPTO employee. Mr. Covey has worked at USPTO since 2000, and therefore has direct personal knowledge that the relevant USPTO offices were located in Virginia during all time periods relevant to this Complaint. *See* Declaration of William R. Covey ¶¶ 2-3 (Exh. C hereto). The declaration of Anne Mendez, a Supervisory Employee Relations Specialist in USPTO's Office of Human Resources, confirms that Plaintiff's personnel files are maintained in Alexandria, Virginia. *See* Mendez Decl. ¶ 2. In any event, there is no reason to question Mr. Baum's knowledge of the location of those files because the Title VII venue analysis asks where the relevant employment records currently are maintained, not where they were located at the time the alleged discrimination occurred.

Plaintiff's assertion that USPTO has transferred his personnel files to St. Louis, Missouri is factually incorrect, and would not support venue in the District of Columbia even if it were true. As noted in the declaration of Mr. Baum, the USPTO forwards personnel records of certain prior employees to the National Personnel Records Center ("NPRC") in St. Louis, Missouri. *See* Mot. to Dismiss, Baum Decl. ¶ 5 (Dkt. Entry 8). However, Plaintiff's personnel files have not been forwarded to the NPRC, and remain in Alexandria, Virginia. *See id.* ¶ 5; Mendez Decl. ¶¶ 2-3.

The United States Department of Commerce's presence in the District of Columbia, and Plaintiff's new assertion that he maintains a residence in the District of Columbia, are irrelevant for purposes of the Title VII venue analysis. Unlike 28 U.S.C. § 1391, Title VII does not indicate that venue may be proper in the state in which either party resides. *Compare* 42 U.S.C. § 2000e-5(f)(3) *with* 28 U.S.C. § 1391. Instead, it focuses exclusively on the criteria discussed above. Accordingly, Plaintiff's improper attempt to insert Secretary Gutierrez into this suit concerning USPTO employment decisions does not cure the venue deficiency. Nor does Plaintiff's allegation that he resides in the District of Columbia and used a District of Columbia mailing address while employed at USPTO.

**III.    THIS COURT IS NOT THE PROPER VENUE FOR PLAINTIFF'S ADEA CLAIM, BUT IF IT WERE THE INTERESTS OF JUSTICE WOULD FAVOR TRANSFERRING THAT CLAIM TO THE EASTERN DISTRICT OF VIRGINIA.**

Given that Plaintiff's Title VII and ADEA claims arise out of the same alleged conduct by USPTO employees, Title VII's narrow venue provisions control. *See Munoz v. England*, No. 05-2472, 2006 WL 3361509, at *7 (D.D.C. Nov. 20, 2006). Put differently, even though a District of Columbia resident might be able to bring a standalone ADEA claim against USPTO

in this district, a plaintiff that raises his ADEA claim in conjunction with Title VII claims must

adhere to Title VII's venue provisions. *See id.* at \*7 & n. 3. *But see Archuleta*, 725 F. Supp 602

(finding D.C. proper venue for ADEA but not Title VII claim, then transferring both to forum

where Title VII claim could be heard). As explained *supra*, a plaintiff's residency in a state does

not establish venue under Title VII, although it is one of the factors considered under 28 U.S.C.

§ 1391. Accordingly, Plaintiff's allegation that he resides in the District of Columbia would not

make this Court the proper forum for his ADEA claim, even if that allegation appeared in the

complaint instead of Plaintiff's opposition brief.

Moreover, the transfer of Plaintiff's ADEA claim would be appropriate under 28 U.S.C.

§ 1404(a) even if that claim were governed by Section 1391's general venue provisions. Section

1404(a) permits a district court to transfer "any civil action to any other district or division where

it might have been brought" if transfer would suit "the interests of justice...[or] the convenience

of the parties and witnesses." 28 U.S.C. § 1404(a). That provision vests "discretion in the

district court to adjudicate motions to transfer according to an individualized, case-by-case

consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27

(1988). Convenience, fairness, and justice all indicate that Plaintiff's ADEA claim should be

transferred to the Eastern District of Virginia even if venue for that claim were proper in this

Court.

Allowing all of a plaintiff's claims to be heard in a single forum promotes the interest of

justice and judicial economy. *See, e.g.*, *Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 43 (D.D.C.

2003); *id.* at 45 ("it is in the interest of justice to transfer the entire complaint rather than have it

heard in two different venues"); *Munoz*, 2006 WL 3361509, at \*7. Here, that can only occur if

Plaintiff's claims are transferred to the Eastern District of Virginia, because Plaintiff's Title VII claims cannot be heard in this Court. Further, it would be unfair and inconvenient to require the USPTO to defend Plaintiff's ADEA claim in this Court, while defending the Title VII claims based on the same conduct in the Eastern District of Virginia. That bifurcation of forums also would be unfair and inconvenient to witnesses, who would have to testify and otherwise participate in two separate actions.

Plaintiff's unfounded fear that the Eastern District of Virginia would be a biased forum can be addressed during jury selection, and to the extent Plaintiff questions the impartiality of the court, he may invoke the recusal laws. *See Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 44-45 (D.D.C. 2003) (rejecting argument that possibility of judicial bias in Indiana courts should prevent transfer and stating that recusal provides protection against judicial bias). In sum, Plaintiff can pursue his retaliation and sex, age, and race discrimination claims as fully in the Eastern District of Virginia as he could in the District of Columbia. Therefore Plaintiff's ADEA claim should be transferred to the Eastern District of Virginia with his Title VII claims. *See, e.g.*, *Jyachosky v. Winter,* No. 04-01733, 2006 WL 1805607, at *4 (D.D.C. June 29, 2006) (transferring case to E.D.V.A. because it was the only forum where Title VII and ADEA claims could be heard together); *Archuleta*, 705 F. Supp. 602 (transferring ADEA claim to district with jurisdiction over Title VII claim).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the complaint for improper venue or, in the alternative, should transfer the case to the Eastern District of Virginia.

Dated: May 21, 2007                    Respectfully submitted,


     Jeffrey A. Taylor /by KM
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


     Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


     Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


**Of Counsel:**

Kyu Lee
Associate Counsel, Office of General Counsel
United States Patent and Trademark Office

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of May, 2007, I caused the foregoing Reply to be

filed *via* the Court's ECF system, and to be served upon *pro se* plaintiff by first class mail,

postage prepaid, addressed to:

Geoffrey R. Akers
25 Lincoln Avenue
Norwich, CT 06360


                          <u>              /s/ Robin M. Meriweather</u>
                          Robin M. Meriweather, DC Bar # 490114