UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| DR. GEOFFREY R. AKERS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARLOS GUTIERREZ, )<br>SECRETARY OF COMMERCE, )<br>*et al.*, )<br>)<br>Defendants. ) | Civ. Action No. 07cv266 (RJL) |

## MEMORANDUM OPINION
(May 22, 2007)[#2,6]

Dr. Geoffrey Akers, *pro se*, has brought this action against Carlos Gutierrez, the Secretary of Commerce, and Jon Dudas, the Director of the United States Patent and Trademark Office ("USPTO"), alleging that he was victim of age discrimination, sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq,* and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623. Currently before the Court is the Government's motion to dismiss or to transfer this case to the Eastern District of Virginia. Also pending is Plaintiff's motion to have counsel appointed. For the following reasons, Defendant's motion to transfer is GRANTED and Plaintiff's motion for counsel is DENIED as moot.

1

## I. BACKGROUND

Dr. Akers, a Ph.d in physics, is a former patent examiner at the USPTO. He alleges that in June 2004 he applied for the position of Supervisory Patent Examiner, but was not selected because of his age and sex. Complaint, p. 2. In August 2004, Dr. Akers filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and in retaliation, he alleges, the USPTO assigned him "conflict of interest" cases and subjected him to a hostile work environment. *Id* at p. 2-3.

In February 2007, Dr. Akers initiated the present action alleging age discrimination, sex discrimination and retaliation. Defendant has moved to dismiss for lack of proper venue or to transfer this case to the Eastern District of Virginia.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for lack of proper venue under Rule 12(b)(3), the Court accepts the Plaintiff's factual allegations regarding venue as true and draws all reasonable inferences from those allegations in the Plaintiff's favor. *Varma v. Gutierrez* 421 F.Supp.2d 110 (D.D.C. 2006). Because it is the Plaintiff's obligation to institute the action in a permissible forum, the Plaintiff usually bears the burden of establishing that venue is proper. *Id.* If the Plaintiff is proceeding *pro se*, however, the factual allegations contained in his complaint will be held to less stringent standards than formal pleadings. *Id.*

## III. ANALYSIS

Under Title VII, venue is proper: 1) in any district in which the unlawful employment practice is alleged to have been committed; 2) in the district in which the employment records relevant to that practice are maintained and administered; or 3) in the district in which the aggrieved person would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(f)(3).  If the respondent cannot be found in any such district, an action may be brought in the district in which the respondent has its principal office.  *Id.*   After due consideration of this record, it is abundantly clear that venue is not proper in this District.

First, Dr. Akers worked at the USPO's office in the Eastern District of Virginia. Baum Decl. ¶ 2.  Second, the alleged discriminatory conduct took place entirely within the Eastern District of Virginia.  *Id* at ¶ 4.  Third, all USPTO personnel records are stored either at the USPTO's facility in Virginia or St. Louis, Missouri.  *Id* at ¶ 5-6.  Finally, the director of the USPTO has his principle office in the Eastern District of Virginia.  *Id* at ¶ 6.

Moreover, it is also clear that the plaintiff cannot establish venue in the District of Columbia for his ADEA claims.  The ADEA is governed by the general venue provision of 28 U.S.C. § 1391(e), which provides that civil actions against federal agencies may be brought in any district in which: 1) a defendant in the action resides; 2) a substantial part of the events or omissions giving rise to the claim occurred; or 3) the plaintiff resides.  28

3

U.S.C. § 1391(e).  As noted above, the USPTO's principal office is located in the Eastern District of Virginia and the alleged discriminatory conduct occurred exclusively within that district.  Baum Decl. ¶ 2.  In addition, the plaintiff, according to mailing address provided in the caption of the complaint, resides in Connecticut.

Thus, having concluded that venue is not proper in the District of Columbia, the Court must either dismiss this case or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The decision whether to dismiss or transfer is committed to the sound discretion of the Court.  See *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F.Supp.2d 116, 120 (D.D.C.2003).  However, "[t]he interest of justice ... generally requires transferring such cases to the appropriate judicial district rather than dismissing them." *Id*.  In this case, to dismiss the action and direct the *pro se* plaintiff to refile his complaint in the Eastern District of Virginia would be needlessly duplicative and costly.  Accordingly, the Court finds that it is in the interest of justice to transfer the matter to the Eastern District of Virginia.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion to transfer this case to the Eastern District of Virginia will be GRANTED and Dr. Aker's motion to appoint counsel will be DENIED as moot.

RICHARD J. LEON
United States District Judge