## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Dr. Geoffrey R. Akers,PE,Plaintiff Pro-Se

V                                              No:1:07cv00266(RJL)

Carlos Gutierrez, DOC
Patricia Boylan,USPTO

**RECEIVED**

MAY 29 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SUPLEMENTAL REBUTTAL TO RESPONDENT'S MEMORANDUM OF LAW

### ARGUMENT

Section 1391 provides for venue in a civil action generally. However in the section special venue provisions are provided(28 USC 1391(e)) which provides that "When the United States is the defendant or an agency thereof(USPTO) an action may be brought where…….(3) the plaintiff resides where no real property is involved"(applicable herein). Here, plaintiff maintained throughout his USPTO career and presently maintains a domicile in District of Columbia as he presently works in the Metroplex also. The issues at Court are federal questions(discrimination, retaliation) which squarely support applicability of this provision of Section 1391(e). Additionally, Defendant's motion to transfer was filed untimely as, admitted by Defendent(page 3 footnote) the return of service was February 21 as recorded on the docket sheet(which presumably arose from Plaintiff's certified mail receipt) showing a date of February 16). The stamp stating February 27 is merely an internal stamp in the Attorney General department NOT an official US Postal dated document and bears no evidentiary value. The certified receipt submitted by Plaintiff shows a date of February 16 as recorded by the US Postal service. In this case, the motion is out of

-2-

time. Furthermore, USPTO, the named defendant received the action prior to February 27, and the 60 days would have expired under this line of reasoning. Ms Meriweather has differing dates between the USPTO and DOJ, but in any case all deliveries(USPTO/DOJ) were effected prior to February 27 and as such DOJ's filing is late and untimely. Carlos Gutierrez correctly should be listed as a codefendant as he is ultimately responsible for all agency actions. Since Gutierrez has already been a defendant in the

EEOC proceedings where a prima facie case for age discrimination was found, and the Agency made no objection to Gutierrez as a defendant, he is deemed admitted as a defendant. Initially, as Ms. Meriweather concedes, the agency head, Dudas should be named as a defendant(page 4 last paragraph).However , as has been pointed out, this case transcends simply age,sex discrimination(as it also includes coercion,

collusion, harassment, illegal deal-making,etc) and as such Carlos Gutierrez named as a codefendant is appropriate because Title VII and ADEA are silent on additional defendants in these egregious matters transcending discrimination. Because as addressed in an earlier document, defendent has committed acts beyond discrimination, it is logical and in the interest of justice to include Gutierrez as Dudas has failed in bringing about a resolution to the problem and Gutierrez can. Attempting to insulate Gutierrez does nothing now as he is a future witness in the litigation. This tactic is simply an attempt to contain a problem that has spiraled out of control due to failure and neglect by the USPTO in refusing to deal with it in its early stages and cooperate in good faith to resolve issues.

Ms Meriweather has omitted material facts. She speaks of the GENERAL provisions of

-3-

Title VII. However, because the United States is considered "universal" in extent, 28USC 1391(e) may be applied without geographical limitation and where plaintiff resides may hold proper venue. In the instant case, Plaintiff works presently and maintained a domicile throughout his USPTO career in Washington,DC and under section 1391(e) applies. Ms Meriweather speaks too generally without specific reference to the controlling facts at issue. Further, under constitutional limitations(submitted at hearing on May 15,2007) (quasi in rem type II matter) there must be a MINIMUM contacts between the defendent and the forum. The Washington,DC court maintains this minimum forum, the eastern Virginia forum does not because of the governmental aura that the USPTO has in eastern Virginia.It is not well founded to delay addressing the issue of fairness and interests of justice as Defendant sidesteps on page 10.The time is now when the groundwork is being set.Plaintiff has limited recusal capability and it can easily be exhausted. If bias exists due to the influence of the USPTO(everyone knows the USPTO in Virginia or knows someone who works there or has a relative who works there or is connected as a contractor with the USPTO, etc). The pool is much more universal in Washington to select a jury because Washington,DC is more cosmopolitan than eastern Virginia and has a more diverse population—thus the interests of justice require that the case remain in District of Columbia as it is now.Transfer to eastern Virginia as suggested by defendant on page 10.is not appropriate as the issues transcend title VII and ADEA elements and involve collusion, coercion, violation of civil service procedures and policies in selecting a nonqualified person to a fill vital position in the patent system en tailing national security issues(atomic energy, Atomic Energy Act), slander and libel and

-4-

illegal deal making by USPTO officials as representative of the depth and expanse of the issues; hence Ms Meriweather's limited view of the case attempting to confine it to "general" provisions of Title VII and ADEA is erroneous and does not begin to touch on central elements in the case that transcend using generic requirements of Eastern Virginia as a limited forum where the nexus between USPTO is not minimal as it is in DC. The four elements cited by Defendant are not as specific as 28USC 1391(e) is, because the US and an agency are defendants, plaintiff may elect to have the case heard in DC due to the residence element(document submitted at hearing and further supporting the minimum nexus rule).

It has become evident that Ms Meriweather has concocted a mixture of largely irrelevant testimonies for this case. It is also obvious that Ms Meriweather has used undeserved "ad hominem" attacks(very characteristic of USPTO methods as the case history shows) on Plaintiff as outstandingly qualified for the position at issue in the USPTO. These approaches as the dictionary states appeal to "emotion and not logic" and are used when an advocate has no material case to argue with but attempts to use emotion and prejudice rather than factual information in his argument. On the merits, there is no challenge in the area of qualifications between Plaintiff and Ms Luu so the case can only revert to "ad hominem" attacks becaus Defendents have nothing else to fight with. However, because of neglect this case has been transformed to one incorporating slander, coercion and collusion and violation of civil service guidelines by the USPTO which by its metamorphosed nature now transcends simple Title VII and ADEA guidelines and places it squarely in the area of general litigation with compensatory and punitive damages

-5-

appropriate where the US is a defendant and tort liability and specific litigation guidelines ensue. Further because of its greater characteristics and risk to the USPTO it correctly requires the knowledge and participation of Carlos Gutierrez as a codefendent who has been in the litigation for the past two years. Attempting to change precedent now illustrates the disorganized approach of the government in dealing with an originally simple case of qualified/unqualified person in selection to a governmental position. Indeed Ms Meriweather's concession that Dudas is a proper defendant directly conflicts with the concept that a senior manager over Dudas(Gutierrez) should not be a defendant when Dudas failed to address the issues that now have expanded the case to incorporate issues beyond just ADEA and Title VII claims.

Mr. Baum, Ms Mendez and Mr. Covey are assumed by Plaintiff to have utmost integrity. Plaintiff hopes that the same treatment would be accorded him else USPTO condemns itself for degenerating its arguments to nonmeritorious and slanderous approaches and hurts its own credibility instead.It is simply that the testimonies are not of mujch value. Baum had no direct knowledge of UJSPTO practices prior to when he came in 2006. Anne Mendez states that as a result of class litigation in 2006 the policy changed, but Plaintiff retired(under coercion) on January 2005 over a year before this policy took effect. This statement also conflicts with that from personnel worker Ted Barry who told Plaintiff in a March,2005 telephone call that his file would be shipped to Missouri. If it truly is at USPTO that would be better as it would facilitate reinstatement to the federal position easier as the file means it is being held in abeyance rather than retired to the archives and can be activated easier.It is interesting to note for the Court that Anne

-6-

Mendez was present at these two inquisitional meetings on some "conflict cases" assigned to Plaintiff by his superior, Vincent Millin which were addressed and she wrote a report later that the investigation led to no conclusion. This set of cases eventually degenerated to only two, a case done prior to the date of transfer to the new art unit and for which the case can be addressed by a pending affadavit by inventor's attorney that no deal ever existed between plaintiff and inventor and the other an "implied abandonment" stated to Anne Mendez in October 2004 by Vinh Luong, POPA attorney for Akers at the first of the two "interviews". This is related to the retaliation that USPTO utilized coincident with the EEO complaint process under Title VII and ADEA and to slander on Plaintiff by certain USPTO employees who will be called as witnesses in the litigation process subsequently and explained in much greater detail at that time.

Mr. Covey's statement that the work was done at USPTO is established and adds nothing new. The issue is not where the work was done but rather under the more specific provisions of Section 1391(e) plaintiff's utilizing such provisions where the US is a party or an agency thereof, filing the claim in the District and substantial interests of justice served by keeping the case where it is now to maintain minimum nexus between the defendant and the forum state(DC) as opposed to VA where the nexus is greater because of the governmental aura that USPTO exerts on the region and acknowledged by a Virginia senator to move the office because of the economic benefit that USPTO exerts on ALL of eastern Virginia. This does not serve the interests of justice to transfer the case to a district where the influence and omnipresence of the USPTO is felt by everyone and for which a fair jury-trial may not necessarily be obtained.

Dr.Geoffrey Akers, PE Plaintiff Pro-Se                               May 25,2007